**FILED - LN**
June 18, 2018 1:12 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:___clw /____ SCANNED BY ___ 6/19

TEANDRA S. GILL

1235 Glenn St

Lansing, MI 48915

Telephone: (517)410-1366

*Pro Se Plaintiff*

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| TEANDRA S. GILL ) | **1:18-cv-676** |
| Pro Se Plaintiff ) | Robert J. Jonker, Chief United States District Judge |
| vs. ) | Phillip J. Green, U.S. Magistrate Judge |
| THE SUBURBAN COLLECTION ) | **(1) Title VII of the Civil Rights Act** |
| LLC; and all whose true names are ) | **of 1964, as codified, 42 U.S.C. §§** |
| unknown, INCLUSIVE ) | **2000e to 2000e-17 (race, color, gender** |
| Defendants ) | **religion, national origin).** |
| _____ ) | **(2) EQUAL PAY ACT OF 1963;** |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff TeAndra S. Gill, 1235 Glenn St. Lansing, Michigan 48915, alleges the following:

## I.    NATURE OF THE ACTION

1.    This is an action for relief from employment discrimination in violation of Title VII of the Civil Rights Act of 1964, *as amended* ("Title VII"), and the Michigan Law Against Discrimination, Elliott-Larson Civil Rights Act.

/

2.      Plaintiff TeAndra S. Gill alleges that Defendants Suburban Cadillac of Lansing, ("Assumed Name") for The Suburban Collection, LLC, whose true names are unknown (collectively, "Defendants"), unlawfully discriminated against her based on her characteristics, including skin color, physical appearance, ancestry, hair texture and dialect

3.      Plaintiff further alleges the Defendant negligently supervised her, resulting in an adverse employment action by violating Plaintiffs' right to be free from unlawful discrimination due to race/color as Plaintiff was subjected to unwelcomed conversation of a sexual nature daily, perpetrated by her supervisor Cathie Cate regarding an extra-martial affair being carried on by Cathie Cate and another employee, altering Plaintiffs' position to her detriment

4.      Plaintiff further alleges that the Defendant retaliated against her, creating a hostile work environment for her, violating her right to be free from unlawful discrimination due to race/color after she made verbal, wage theft complaints to former General Manager, Bob Kanverva, in or around September 2016 during which time Plaintiffs' workload was being be manipulated

5.      Plaintiff further alleges that Defendant harassed her by creating hostile work environment by failing to offer her a 90-day performance review, refusing to evaluate her work performance, as a new employee during a time full medical, dental and vision benefits were fully active and an effective grievance process,  resulting in an adverse employment action by violating Plaintiffs' right to be free from unlawful discrimination due to race/color as Plaintiff illegally terminated her on the basis of color/race the Plaintiff is Black

2

6.    Plaintiff further alleges that Defendants' illegal adverse action s against the plaintiff actions had a disparate impact upon her based on her race/color Black. By violating Plaintiffs' right to be free from unlawful discrimination due to race/color plaintiff contends her workplace right was violated

7.    Plaintiff further alleges that Defendant denied the Plaintiff an effective remedy to the employee grievance process, Management refused Plaintiff the knowledge of who to address Plaintiffs' concern's to for and effective process to begin to submit any complaint on paperwork to corporate office in Plymouth, MI responding to Plaintiff request to investigate her sales numbers for her appointments kept and vehicles' sold earnings during the current and previous months were met with intimidation and hostile remarks from the Defendant

8.    Plaintiff furthermore alleges on January 12th, 2017 she was illegally subject to Harassment. A form of employment discrimination that violates Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, (ADEA), and the Americans with Disabilities Act of 1990, (ADA). Undue influence and intimidation by The Defendant as inappropriate pressured was applied to Plaintiff for her to sign under an unlawful adverse action based on her race/color The Defendant discharged under the pretext of excessive absenteeism intimidation in or around January 2017 based on race/color under undue influence signed she signed document presented to her by the Defendant

9.    Plaintiff seeks compensatory damages, punitive damages, liquidated damages, witness fees, court cost reasonable fees and costs as remedies for Defendants' violations of Plaintiffs' rights.

## II.    THE PARTIES

10.    Plaintiff TeAndra S. Gill is a Black/African American Female. She worked as a business development consultant for Defendants, from approximately August 2016 to January 2017

11.    Upon information and belief, Defendant the Suburban Collection is an automotive company that maintains offices throughout Michigan, Florida and California, with 52 locations, employing approximately 2,800 individuals. Defendant the Suburban Collection operates a dealership in Lansing, Michigan, and all the events alleged herein occurred while Plaintiff was employed by Defendants at the Lansing, Michigan dealership, Suburban Cadillac of Lansing.

12.    At all times relevant herein, Defendant the Suburban Collection LLC, had at least fifteen employees, and was therefore an "employer" within the meaning of Title VII.

13.    Defendant the Suburban Collection LLC was also an "employer" within the meaning of the Michigan Law Against Discrimination, the Elliott-Larson Civil Rights Act.

14.    At all times relevant herein, Defendant Radius had at least fifteen employees and was therefore an "employer" within the meaning of Title VII.

15.    Defendants the Suburban Collection are liable for the acts of their agents and employees as set forth below.

16.    Plaintiffs are informed and believe and thereon allege that at all times

4

relevant herein, the Defendant was responsible in some manner for the occurrences and injuries alleged in this complaint. Their names and capacities are currently unknown to Plaintiffs. Plaintiffs will amend this Complaint to show such true names and capacities when the same have been ascertained.

### III. JURISDICTION AND VENUE

17. This Court has jurisdiction of Plaintiffs' federal law claims pursuant to 28 U.S.C. § 1331, as this case involves questions of federal law.

18. This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution. Plaintiffs' state law claims share all common operative facts with their federal law claims, and the parties are identical. Resolving Plaintiffs' federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

19. Venue is proper in, and Defendants are subject to the personal jurisdiction of, this Court because Defendants maintain facilities and business operations in this District, and all or most of the events giving rise to this action occurred in this District. 28 U.S.C. § 1391(b); 42 U.S.C. § 2000e-5(f)(3).

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

20. Plaintiffs timely filed charges of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Michigan Division on Civil Rights. On or around March 20, 2018, the EEOC issued Plaintiffs Notices of Right to Sue.

21. Plaintiffs have timely filed this action and have complied with all administrative prerequisites to bring this lawsuit.

### V. FACTUAL ALLEGATIONS

22. At all times material to this action, Plaintiff was employed by the

5

Defendant at Defendants' Lansing, Michigan Dealership.

23.    As Plaintiffs' primary job, Plaintiff was responsible for communicating with potential customers about their vehicle needs, providing information regarding vehicle interest and schedule showroom appointments, test drives and sales appointments.

24.    As her primary job, Plaintiff communicated with potential customers through various communication channels. Defendants benefited from Plaintiffs' sales experience, and customer service experience because it allowed them to gain new business.

25.    In or around August 2016, Plaintiff was interviewed and hired by Robert "Bob" Kanerva who was at the time the General Manager of Suburban Cadillac of Lansing.

26.    In or around August 2016 Plaintiff began responding to assigned sales inquiries via internet, telephone, e-mail and text, as the business development consultant the sole black/African American, female employed at Suburban Cadillac of Lansing.

27.    In or around September 2016 The Plaintiff met with Bob Kanerva regarding internet sales inquiries, that were assigned to the Plaintiffs' workload which were then being de-activated and to discuss the theft of Plaintiffs' assigned sales inquiries.

28.    Robert Kaneva informed Plaintiff that the individual who Plaintiffs' was in his office expressing concerns as the Black, sole female working in the dealership during my working coming earning potentials, stated had de-activated her leads and taken them out of Plaintiffs' name was Plaintiffs' supervisor Cathie Cate

29.    In or around September Cathie Cate began to engage Plaintiff in unwelcomed, daily conversation of a sexual nature, concerning an extra-marital affair she was currently engaged in, with an employee in the service/parts department.

30.    In or around September other employees began to question Plaintiff as to

6

the nature of Cathie Cate's and Plaintiffs' conversation and the time Cathie Cate was spending at Plaintiffs' work area.

31. Cathie Cate stated to Plaintiff that she was not to divulge any information regarding Cathie Cate's extra-marital affair to anyone.

32. In or around October, Plaintiff met with Robert Kanerva regarding Plaintiffs' initiation of a racial/color discrimination due to sales appointments, which led to vehicles being sold, and recorded in other salesmen names for commission purposes, monies which the Plaintiff had earned

33. In or around October, Plaintiff met with Robert Kanerva to discuss the negative effects that the racial discrimination/color harassment, that she was experiencing, harassment, wage theft and retaliation by daily intrusion of Cathie Cates' unwelcomed conversation of a sexual nature was having on Plaintiffs work environment and nervous system

34. In or around September Robert Kanerva during a meeting assured Plaintiff again that he would investigate the wage theft and racial/discrimination complaint imposed by Cathie Cates' illegal workplace behavior directed at Plaintiff the negligent supervision, wage theft, harassment and retaliation

35. In or around November Robert Kanerva was relocated to another dealership taking another position.

36. In or around November Karl Hasenwinkle, the used car manager of Suburban Cadillac of Lansing LLC, and Nathan Krueger, the New cars sales manager of Suburban Cadillac of Lansing, questioned Plaintiff in a room regarding Cathie Cates' infidelity with the individual (Chis) that she had been daily engaging Plaintiff with harassing and unwelcomed conversation regarding her extra-marital affair.

37. The Supervisory agents for The Suburban Collection, who were directly supervising the Plaintiff, failed to provide the Plaintiff with an effective complaint and process grievance

7

38. In or around November 2016 Cathie Cate confronted Plaintiff in hostile manner regarding Plaintiffs request to speak with someone regarding the grievance process Cathie Cate, stated to the Plaintiff while aggressively standing over the Plaintiffs' work station that she hates that Plaintiff truthfully answered the questions that was asked to Plaintiff regarding Cathie Cates Extra-marital affair.

39. In or around November, Cathie Cate stated aggressively while standing over the Plaintiffs' work station to Plaintiff that "things will never be the same" for the Plaintiff which was a violation to harassing her creating a sense of impending loss unto the Plaintiff mentally antagonizing her, emotionally tormenting her and invading her privacy

40. In or around December, Plaintiff complained to Karl Hasenwinkle and Nathan Krueger regarding illegal harassing illegal behavior and racial discrimination exercised by Cathie Cate directed at Plaintiff in the form of negligent supervision, harassment, wage theft and retaliation

41. In or around November Cathie Cate refused Plaintiff an employee performance evaluation

42. In or around December Plaintiff endured an increase in Unlawful employment practices such as intimidation, silent treatments, oppression, public humiliation and wage theft

43. Plaintiff asked Karl Hasenwinkle who she could speak with to file a formal complaint of workplace racial/color discrimination Karl Hasenwinkle stated to Plaintiff "this is it" also that "Cathie Cate is in charge" and Plaintiff "knows the rules"

44. In or around December Plaintiff engaged Cathie Cate regarding a sales lead assigned to Plaintiff in which Cathie Cate had removed Plaintiffs' name from the lead and placed the lead in her name Cathie Cate stated to Plaintiff "you know the rules"

8

45.   In or around January Plaintiff was terminated from The Suburban Collection

## VI.   CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

Racial/Color Based Discrimination (Disparate Impact) in Violation of Title VII of the Civil Rights Act of 1964, *as amended,*

42 U.S.C. § 2000e-2(a)

46.   Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 46, above.

47.   Section 703 of Title VII, 42 U.S.C. § 2000e-2, prohibits employment practices that discriminate against persons based on their race/color. Plaintiffs are informed and believe and thereon allege that Defendants' unlawful business practices had an adverse and disproportionate impact on her because of her race/color, Black.

48.   As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

49.   Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiffs' right to be free from discrimination based on race/color.

50.   Plaintiffs are entitled to the costs of suit.

### SECOND CLAIM FOR RELIEF

Race/Color Based Discrimination (Hostile Work Environment) in Violation of Title VII of the Civil Rights Act of 1964, *as amended,*

42 U.S.C. § 2000e-2(a)

51.   Plaintiffs incorporate by reference as if fully set forth herein the

9

allegations contained in paragraphs 1 through 42, above.

52.     Plaintiff was subjected to harassment by Defendants' agents and employees, including Nathan Krueger, Karl Hasenwinkle, and Cathie Cate because of her Race/Color, Black.

53.     Plaintiff was subjected to negligent supervision.

54.     Defendants' agents and employees' conduct was not welcomed by Plaintiff.

55.     Defendants' agents' and employees' conduct was undertaken because of Plaintiffs' race/color, Black.

56.     The conduct was so severe or pervasive that reasonable persons in Plaintiffs' positions would find their work environment to be hostile or abusive.

57.     Plaintiff believed her work environment to be hostile or abusive as a result of Defendants' agents' and employees' conduct.

58.     Management level employees knew, or should have known, of the abusive conduct. Plaintiff provided management level personnel, with information sufficient to raise a probability of racial/color harassment in the mind of a reasonable employer. Moreover, the harassment was so pervasive and open that a reasonable employer would have had to have been aware of it. Indeed, management level employees were themselves complicit in the abusive conduct.

59.     Defendants did not exercise reasonable care to prevent harassment in the workplace on the basis on race/color and did not exercise reasonable care to promptly correct any harassing behavior that did occur.

60.     As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

61.     Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiffs' right to be free from discrimination based on national origin.

62.     Plaintiff is entitled to her reasonable fees and costs of suit.

## THIRD CLAIM FOR RELIEF

Retaliation in Violation of

Title VII of the Civil Rights Act of 1964, *as amended*,

42 U.S.C. § 2000e-3(a)

63.     Plaintiff incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 42, above.

64.     Section 704(a) of Title VII of the Civil Rights Act of 1964, *as amended*, prohibits employers from discriminating against an employee "because [she] has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3(a).

65.     Plaintiff made informal complaints to Defendants' agents and employees opposing Defendants' unlawful, discriminatory employment practices based on race/sex.

66.     Because of Plaintiffs' complaints, Defendants' agents and employees took materially adverse actions against Plaintiff, including, but not limited to, issuing disciplinary warnings, such as threats of termination; reprimands by supervisors; and illegal wrongful termination.

67.     Defendants' adverse actions constituted retaliatory workplace harassment.

68.     Defendants' retaliatory actions were sufficient to deter a reasonable person from engaging in protected activity under Title VII.

69.     As a direct, legal and proximate result of Defendants' retaliation, Plaintiff have sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

70.     Plaintiff is entitled to their reasonable fees and costs of suit.

*11*

## FOURTH CLAIM FOR RELIEF

Race/Color Based Discrimination (Disparate Impact) in Violation of

Michigan Law Against Discrimination

Elliott-Larson Civil Rights Act

71.    Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 42, above.

72.    Michigan's Law Against Discrimination makes it unlawful for an employer to discriminate against an individual "in compensation or in terms, conditions or privileges of employment" because of race/color.

73.    Plaintiff is informed and believe and thereon allege that Defendants' practice of unlawful business practices had an adverse and disproportionate impact on her because of her race/color, Black.

74.    Less discriminatory alternatives existed to achieve Defendants' stated business purposes.

75.    As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic damages to be proven at trial. As a result of Defendants' actions, Plaintiff has suffered emotional distress, resulting in damages in an amount to be proven at trial. Plaintiff further seeks compensatory and punitive damages, declaratory, and monetary relief available for discrimination at trial.

76.    Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiffs' right to be free from discrimination based on race/color.

77.    Plaintiff is entitled to reasonable fees and costs of suit.

12

## FIFTH CLAIM FOR RELIEF

Reprisal in Violation of the

Michigan Law Against Discrimination

Elliot-Larson Civil Rights Act

78.    Plaintiff incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 74, above.

79.    Michigan's Law Against Discrimination makes it unlawful for an employer to "take reprisals against any person because that person has opposed any practices or acts forbidden under this act" or to "coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of that person having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected in this act."

80.    Plaintiff made informal complaints to Defendants' agents and employees opposing Defendants' unlawful, discriminatory employment practices based on race.

81.    Plaintiffs' complaints were made reasonably and in good faith.

82.    Because of Plaintiffs' complaints, Defendants' agents and employees took adverse actions against Plaintiff, including, but not limited to, issuing threats of termination; reprimands by supervisors; public humiliation and illegal, wrongful termination imposed on the Plaintiff.

83.    Plaintiff is entitled to reasonable fees and costs of suit.

## DECLARATORY RELIEF ALLEGATIONS

84.    A present and actual controversy exists between Plaintiff and Defendants concerning their rights and respective duties. Plaintiff contend that Defendants violated her rights under Title VII, the Michigan Law Against Discrimination, the Elliot-Larson Civil Rights Act and the Michigan Equal Pay Act. Plaintiff is informed and believe and thereon allege that the Defendants deny these allegations. Declaratory relief is

13

therefore necessary and appropriate.

85. Plaintiff seek a judicial declaration of the rights and duties of the respective parties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

1. For a declaration that Defendants' actions, policies, and practices as alleged herein are unlawful;

2. For lost wages and all other compensation denied or lost to Plaintiff by reason of Defendants' unlawful actions, in an amount to be proven at trial;

3. For compensatory damages for Plaintiffs' emotional pain and suffering, in an amount to be proven at trial;

4. For punitive damages in an amount to be determined at trial;

5. For liquidated damages;

6. For an order enjoining Defendants from engaging in the unlawful acts complained of herein; such as providing my future employers with remarks, potential employers with my employment

7. For such other and further relief as this Court deems just and proper.

Dated: June 8, 2018

Respectfully submitted,

TeAndra S. Gill

PRO SE, PLAINTIFF

By: _____

TEANDRA S. GILL

Pro Se Plaintiff

14

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all causes of action and claims to which she has a right to a jury trial.

Dated:  June 8, 2017

Respectfully submitted,

TeAndra S. Gill

Pro Se, PLAINTIFF

By: _____
TEANDRA S. GILL